## Elliott, Appellant, *v.* Allegheny County Light Company.

*Negligence—Proximate cause—Electric light wire.*

Where a painter falls with, or slips from, a ladder, on which he is at work, and in his fall clutches at a live electric wire, and is shocked, he is not entitled to recover damages from the electric light company which left the wire uninsulated. In such a case the fall from the ladder, and not the shock by the wire, is the proximate cause of the accident.

Argued Nov. 4, 1902. Appeal, No. 90, Oct. T., 1902, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1901, No. 323, on verdict for defendant in case of James Elliott v. Allegheny County Light Company. Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries.
The facts appear by the opinion of the Supreme Court.

. The court charged as follows :
[The proximate cause of the plaintiff's injuries was his fall from the ladder, and not his grasping the wire in the line of his fall. The negligence of the defendant, if any, was intervening, but not a proximate cause of the accident. For this reason we direct a verdict for the defendant.]
Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was the charge of the court.

*Rody P. Marshall*, with him *Thomas M. Marshall*, for defendant, cited as to the question of proximate cause : Vallo

v. United States Express Co., 147 Pa. 404; Sturgis v. Kountz, 165 Pa. 358; Township of West Mahanoy v. Watson, 3 Atl. Repr. 866; Behling v. S. W. Penna. Pipe Line, 160 Pa. 359; Penna. R. R. Co. v. Hope, 80 Pa. 373.

*Samuel McClay*, with him *J. H. Reed, Edwin W. Smith, George E. Shaw* and *J. H. Beal*, for appellee, cited: Kelly v. Bennett, 132 Pa. 218; Hunter v. Wanamaker, 17 W. N. C. 232; Herr v. City of Lebanon, 149 Pa. 222; Gaughan v. Philadelphia, 119 Pa. 503.

OPINION BY MR. JUSTICE POTTER, January 5, 1903:

The appellant, while engaged as a painter, fell from, or with, a ladder that slipped from its proper position, while he was using it. In the effort to save himself he reached out, while in the act of falling, and clutched at an electric light wire, which was supported from brackets at the side of the building. It is claimed that this wire was not properly insulated, and for that reason the appellant was shocked and burned, and was possibly thereby prevented from mitigating the force of his fall.

At the close of the testimony, the trial judge gave binding instructions in favor of the defendant, upon the ground that the proximate cause of the plaintiff's injuries was his fall from the ladder; and not his grasping the wire in the line of the fall. This view was manifestly correct. It is undisputed that the defendant was in nowise responsible for the slipping of the ladder, which was the originating cause of the plaintiff's fall. It would be speculative in the extreme, to attempt to differentiate between the extent of the injury which he did receive, and that which he would probably have received, if he had not come in contact with the electric light wire in the course of his fall. It is quite possible that the wire helped to break the fall, and thus lessen the extent of the injury. But even if the presence of the wire in the condition in which it was, made the consequences of the fall more serious, yet it did not bring about the accident, nor was it in any sense the efficient responsible cause of the injury.

It was the duty of the learned trial judge, upon the admitted facts of this case, to determine the question of proximate cause, and he was right in refusing to submit it to the jury.

The judgment is affirmed.