## Quinn, Appellant, v. Philadelphia.

*Municipalities—Sidewalk—Open   areaway—Uncovered   areaway—
Proximate and remote cause.*

1. Where a small boy running upon a sidewalk in a city trips over
the projecting hinge of a cellar door, and falls into an open areaway
and from that into the cellar, and is injured, the city is not respon-
sible for his injuries because it permitted the areaway to remain un-
covered.   In such a case, the proximate cause of the injury was the
obstruction in the sidewalk consisting of the projecting hinge of the
door as to which obstruction the city was not charged with negligence.

2. Damages are not properly chargeable to any alleged act of negli-
gence, when it appears that subsequently an independent and un-
expected factor intervened which in itself was the real cause of the
mischief.   Legal responsibility in such a case rests upon the inter-
vening cause, and unless that was the fault of the original wrongdoer
the latter is relieved from responsibility.

Argued Jan. 18, 1909.   Appeal, No. 322, Jan. T., 1908, by
plaintiffs, from order of C. P. No. 5, Phila. Co., March T., 1905,
No. 1,758, refusing to take off nonsuit in case of Felix Quinn
and Felix Charles Quinn, a minor, by his father and next
friend, Felix Quinn, v. City of Philadelphia.   Before MITCH-
ELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and
STEWART, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before
MARTIN, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was refusal to take off nonsuit.

*John F. Gorman,* with him *Harry K. Blake* for appellants.

*Robert Brannan,* assistant city solicitor, with him *Frederick
Beyer,* assistant city solicitor, and *J. Howard Gendell,* city
solicitor, for appellee.

OPINION BY MR. JUSTICE POTTER, March 22, 1909:
Damages are not properly chargeable to any alleged act of

negligence, when it appears that subsequently an independent and unexpected factor intervened which in itself was the real cause of the mischief. Legal responsibility in such a case rests upon the intervening cause, and unless that was the fault of the original wrongdoer, the latter is relieved from responsibility.

In the present case the city was charged with negligence in not pursuing the owner of the property, for permitting a small areaway to remain uncovered, opening from the sidewalk into the cellar, near the house line of the street. A small boy running upon the sidewalk tripped over the hinge of an adjacent cellar door and fell into the areaway, and from there into the cellar. It was apparent that the fall was caused by the obstruction in the sidewalk, consisting of the projecting hinge to the door, and was not in any way due to the presence of the uncovered areaway. It being there, he simply fell into the area instead of falling upon its cover, as he doubtless would have done had there been one over it. Probably his fall was more severe than it would have been had the area been covered, but this is mere conjecture. The defendant was not at fault in placing the cellar door, with its hinge, in the line of the sidewalk. That was done by the property owner. But it does not appear that negligence in this respect was charged against anyone. Had the fall been caused by negligence of the defendant, then the consequences which ensued would all have been chargeable to the defendant. But such was not the case. It was by no means clear that there was any lack of proper care upon the part of the city, in permitting the owner of the property to retain a small uncovered areaway, situated close to the house line. But however this may be, plainly there was an intervening cause which led to the accident, and this was the obstruction in the sidewalk, due to the presence of the hinge of the cellar door. It was this new and independent factor which caused the child to stumble and fall, and it was therefore the natural and real occasion of the mischief. Under these circumstances the learned trial judge very properly entered a compulsory nonsuit; and the judgment is affirmed.