Zlates et ux., Appellants, *v.* Nasim.

Argued October 28, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

158

*H. Russell Stahlman,* for appellants.

*Wray G. Zelt, Jr.,* with him *D. I. McAlister,* of *McAlister & Zelt,* for appellee.

Opinion by Mr. Chief Justice Schaffer, November 25, 1940:

Plaintiffs, husband and wife, were denied recovery of damages in the trial court for injuries received by the wife when she fell into an unguarded areaway containing steps leading to the cellar of defendant's property.

She entered the premises through a rear door, opening upon what is called in the briefs a cement porch, to visit a room rented to a club of which her husband was a member. She remained a short while and left by the rear door through which she had entered. In doing so she pushed open a screen door. It stuck and stopped against the side of the building. She reached out to pull it shut, lost her balance in so doing, fell into the open areaway and down the cellar steps, sustaining injuries. The porch was dark and she did not see the areaway.

Damages cannot be awarded because the unguarded areaway was not the proximate cause of her fall. The proximate cause was her leaning so much toward the

screen door as to lose her balance. Furthermore, this was absence of care on her part and, therefore, contributory negligence. While she may have sustained greater injuries by falling down the cellar steps than she would have received had she dropped to the cement floor of the porch, that makes no difference in searching out the cause of her fall. With that the unguarded stair opening had nothing to do. Cases bearing upon the factual situation here disclosed in which recovery was denied are *Elliott v. Allegheny County Light Co.*, 204 Pa. 568, 54 A. 278; *Quinn v. Phila.*, 224 Pa. 176, 73 A. 318; *Kosson v. West Penn Power Co.*, 293 Pa. 131, 141 A. 734; *Jacob v. Phila.*, 333 Pa. 584, 5 A. (2d) 176.

Her unbalance being undisputed, indeed stated by her as the cause, the question of proximate cause was for the court, which properly gave binding instructions for defendant: *Bruggeman v. City of York*, 259 Pa. 94, 98, 102 A. 415; *Leoni v. Reinhard*, 327 Pa. 391, 194 A. 490.

Judgment affirmed.