This suit in trespass was brought by plaintiff, John J. Frisch, to recover damages for personal injuries sustained by him when he slipped, for some unexplained reason, on the public sidewalk and fell into a nearby grease pit located on property owned by Ruth G. and Julia Kahn. These owners had leased the real estate, upon which was constructed a gasoline service station, with the usual equipment, including a grease pit, to The Texas Company. That company in turn sublet the property to Samuel C. Ciaverelli, who was operating the station at the time the accident occurred. Suit was instituted against defendants, The Texas Company and Ciaverelli, and the Kahns were brought in as additional defendants. At the conclusion of plaintiff's case, the learned trial judge directed a verdict in favor of defendants and additional defendants. A motion for a new trial having been refused by the court en banc and *Page 621 
judgment having been entered on the verdict, plaintiff took this appeal.
Viewing the testimony in the light most favorable to plaintiff, the following facts appear. The gasoline service station was located on the northeast corner of Hutchinson Street and Rising Sun Avenue in the City of Philadelphia. The grease pit with which we are here concerned, was located entirely within the limits of the service station property, three or more feet from the 15-foot sidewalk of Rising Sun Avenue, it was similar to those generally used at gas stations in order that automobiles can be driven over them and greased from beneath. At about 9:30 o'clock on the evening of December 14, 1946, plaintiff, 51 years of age, was walking on the sidewalk of Rising Sun Avenue close to the line of the abutting service station property. When he reached a point on the sidewalk opposite the grease pit, he slipped or lost his balance (the reason for which plaintiff could not explain), and fell into the grease pit and sustained personal injuries.
Plaintiff argues that in directing a verdict for defendants the court below erred because defendants were negligent in failing to install a covering or other protection over the pit. Defendants contend, and the court below concluded as a matter of law, that the proximate cause of plaintiff's injury was not any breach of duty on the part of defendants, but was attributable to his own involuntary act in slipping on the sidewalk.
The sole issue raised is whether the uncovered grease pit was the proximate cause of plaintiff's injury. In Rugart v.Keebler-Weyl Baking Co., 277 Pa. 408, 413, 121 A. 198, we said: "Without attempting to define formally what is meant by the term 'proximate cause', we may safely affirm, in the case of a tort, that, in order to fall within this category, an act must be such as will probably result in harm, and that a cause is regarded in law as remote if an injury complained of *Page 622 
was an unlikely or improbable consequence thereof." That question, although normally for the jury, becomes one of law when the undisputed facts make it clear that the negligence alleged did not cause the injury: Irwin Sav. Tr. Co. v.Penna. R. R. Co., 349 Pa. 278, 37 A.2d 432; McGrath v. E. G.Budd Mfg. Co., 348 Pa. 619, 36 A.2d 303; Joseph v. UnitedWorkers Assn., 343 Pa. 636, 23 A.2d 470; Leoni v. Reinhard,327 Pa. 391, 194 A. 490.
When these principles are applied to the facts of the instant case, it is clear that the learned trial judge correctly held that the grease pit was not the proximate cause of plaintiff's injuries. He did not fall into the pit because of any inadvertent step he made toward it, or because he walked into it. Rather, he fell into it because, as he stated, "I slipped, lost my balance, tripped", for some unexplained reason, while walking on the public sidewalk. It would have been impossible for a reasonable and prudent man to have anticipated and foreseen that a person, exercising due diligence, would accidentally slip while walking on the adjacent sidewalk and be precipitated into this pit. The court below very properly said: "The presence of the defendant's grease pit had no connection with that slipping or tripping . . . Had the opening been covered at the time, the plaintiff would have landed on the cover instead of in the pit, and whether he would have been hurt more or less is pure conjecture. . . . The fact that the grease pit was on the defendant's premises was not the proximate cause of the plaintiff's injury."
In Quinn v. Philadelphia, 224 Pa. 176, 73 A. 318, we held that where injuries were sustained by a boy who tripped over a projecting hinge of a cellar door and fell into an uncovered areaway near the house line the City could not be held liable because "plainly there was an intervening cause which led to the accident, *Page 623 
and this was the obstruction in the sidewalk, due to the presence of the hinge of the cellar door."
In Jacob v. Philadelphia, 333 Pa. 584, 5 A.2d 176, we approved the entry of a non-suit where plaintiff slipped on an icy step and in falling seized defendants' open iron cellar door. This door was connected with a second open door by a chain instead of by a rigid rod, and plaintiff pulled down the first door, bringing with it the other door, the edge of which struck him in the face. We said (p. 587): "No exercise of prudent foresight on defendants' part would cause them to guard against this extraordinary occurrence, — that plaintiff would pull down these upright doors upon himself to his injury. It was not a consequence likely to follow from those acts which plaintiff alleges to have been negligent. Therefore, the conclusion must follow that plaintiff's injury was not the result of any breach of duty by these defendants, but was attributable solely to his own involuntary act in slipping upon the icy steps and sidewalk: Willis v. Armstrong Co., 183 Pa. 184; Elliott v. Allegheny Co. Light Co., 204 Pa. 568; Quinn v. Phila., 224 Pa. 176; Yocum v. Bloomsburg, 289 Pa. 512."
In Zlates v. Nasim, 340 Pa. 157, 16 A.2d 381, plaintiff, in attempting to leave defendant's property, pushed open a screen door and it stuck and stopped against the side of the building. She reached out to pull it shut, lost her balance in so doing, fell into an open areaway and down the cellar steps, sustaining injuries. We affirmed a directed verdict for defendant on the ground that the unguarded areaway was not the proximate cause of her fall and further stated: "While she may have sustained greater injuries by falling down the cellar steps than she would have received had she dropped to the cement floor of the porch, that makes no difference in searching out the cause of her fall. With that the unguarded stair opening had nothing to do." *Page 624 
The most recent case on this subject is Irwin Sav. Tr. Co.v. Penna. R. R. Co., supra. There defendant negligently allowed a large body of water to collect through improper drainage. In the winter ice formed on that pond and four children while flying a kite ran onto the ice and were drowned when it gave way. We there held (p. 285): ". . . the evidence here conclusively establishes that that omission [failure to keep open a culvert] was but a remote cause of the accident. The act of the children themselves in chasing their kite over the ice was the direct, proximate cause of the accident."
An analysis of these cases makes it clear that the grease pit was in no way the cause of plaintiff's injury and recovery cannot be predicated upon the mere conjecture that his injuries might have been less serious had the grease pit not been there. Nor is the pit a dangerous condition likely to be a trap to users of the sidewalk. Therefore, Restatement of Torts, Section 368, and cases relied on by plaintiff are not in point. The pit on the service station property was not such that a reasonably prudent person should have realized "that it involves an unreasonable risk to others accidentally brought into contact therewith while traveling with reasonable care upon the highway."
It being clear that appellant slipped, lost his balance, and was injured by reason of his own independent act, and through no fault of defendants, the question of proximate cause was for the court, which properly directed a verdict for defendants.
Judgment affirmed.
 *Page 1