Barber, Appellant, *v.* John C. Kohler Co.

Argued November 15, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Howard M. Girsh,* with him *Steinberg & Girsh,* for appellant.

*Paul Auerbach,* with him *Joseph R. Thompson,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 9, 1968:

This action of trespass was brought by appellant, Barber, to recover damages for injuries sustained by plaintiff in an accident on September 16, 1964. Defendant-appellee's preliminary objections were sustained and judgment entered in favor of defendant. The case is before us on appeal.

Plaintiff's complaint alleges that on September 16, 1964, while working upon a scaffold approximately three feet above ground level, he fell from the scaffold into an open hole which was in excess of sixteen feet in depth. Plaintiff alleges that defendant was negligent in failing to cover the hole so as to prevent persons, such as plaintiff, from falling into it. It is stipulated that plaintiff was caused to fall when, while removing a metal brace from the scaffold, the brace slipped suddenly, and plaintiff fell backward from the scaffold.

Defendant demurred by way of preliminary objection. The preliminary objection was sustained by the

court below on the ground that even if defendant's act of leaving the sixteen foot deep hole uncovered was negligent, that negligence was not the proximate cause of the plaintiff's injury.

The court below was entirely correct in sustaining the preliminary objection. Assuming arguendo, as appellant contends, that appellant was a business visitor to whom appellee owed a duty, and assuming also that appellee violated its duty and was negligent, there can still be no recovery. For appellant's injury resulted not from appellee's negligence, but from the slipping of the brace. Two cases of this court are particularly in point. In *Frisch v. Texas Co.*, 363 Pa. 619, 70 A. 2d 290 (1950), plaintiff slipped on a public sidewalk and fell into a grease pit on the property of defendants. Plaintiff contended that defendants were negligent in failing to cover the grease pit. This court, after stating that the sole issue in the case was whether the uncovered grease pit was the proximate cause of plaintiff's injury, held that it was not: "The grease pit was in no way the cause of plaintiff's injury and recovery cannot be predicated upon the mere conjecture that his injuries might have been less serious had the grease pit not been there." The other case particularly in point is *Zlates v. Nasim*, 340 Pa. 157, 16 A. 2d 381 (1940). In that case, plaintiff fell on a porch by virtue of her own negligence, but because defendant had negligently left the entrance to the cellar unguarded, plaintiff fell all the way to the cellar. We said there, at p. 159: "While [plaintiff] may have sustained greater injuries by falling down the cellar steps than she would have received had she dropped to the cement floor of the porch, that makes no difference in searching out the cause of her fall. With that the unguarded stair opening had nothing to do." Similarly, in the instant case, while appellant may have sustained greater injuries by falling to the bottom of the hole than

he would have received had the hole been covered, that has no bearing on the cause of the fall. Whether the fall was caused by appellant's own negligence, as in the cases cited, or by a third party's negligence with regard to the scaffold cannot and need not be determined here. The same result obtains either way, for it is clear that appellee was not the cause of the fall.

Nor is appellant's contention apt that appellee's negligence was the proximate cause of his injuries because without appellee's negligence, appellant would have fallen merely three feet rather than nineteen feet. The two cases described above, *Frisch v. Texas Co.,* supra, and *Zlates v. Nasim,* supra, both indicate that the extent of the injuries is irrelevant to a determination of the cause of the accident. Moreover, a long line of cases in this court has held that the determination of the extent, if any, of incremental injury resulting from defendant's negligence is impossible to determine. This court has continually stated that, in a case like the instant one, a lessening of injury, absent defendant's negligence, is pure conjecture. *Frisch v. Texas Co.,* supra; *Zlates v. Nasim,* supra; *Quinn v. Philadelphia,* 224 Pa. 176, 73 A. 318 (1909); *Elliott v. Allegheny L. Co.,* 204 Pa. 568, 54 A. 278 (1903).

Appellee's alleged negligence was not the proximate cause of appellant's injuries. The judgment of the court below is therefore affirmed.

————

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I am in complete agreement with the majority that defendant's alleged negligence in leaving its hole uncovered could not possibly have been the cause of plaintiff's *fall.* It was the slipping of the brace which caused plaintiff to leave the scaffold upon which he was working. However, it is not the proximate cause of the *fall* which is controlling. It is, rather, the proximate

cause of the injuries; and here, I part company with the majority's reasoning. See Restatement 2d, Torts §5(a).

*Frisch v. Texas Co.,* 363 Pa. 619, 624, 70 A. 2d 290, 293 (1950), is indeed authority for the proposition that plaintiff's "recovery cannot be predicated upon the mere conjecture that his injuries might have been less serious had [defendant's negligent condition] not been there." But, throughout the opinion in *Frisch,* the Court spoke in terms of what caused the *injury.** Thus, when the trial judge, having heard plaintiff's entire case, was convinced that, as a matter of law, defendant's negligence could only have *increased* the injury already suffered by plaintiff due to his fall, and that the amount of such increase would have been mere conjecture on the jury's part, the lower court in *Frisch* was correct in granting defendant's motion for a directed verdict.

However, in the present case, plaintiff has never even been given a chance to present evidence that a three foot fall could not have caused *any* of the injuries received. I have no doubt that *if* such a fact could be proven, *Frisch* would not control, and plaintiff's initial fall, unless caused by his own contributory negligence, would then become no more legally relevant than the fact that a man must first drive his car along the highway before an automobile accident can occur, or must first walk the pavement before plunging into

---

* In *Zlates v. Nasim,* 340 Pa. 157, 16 A. 2d 381 (1940), there does appear the statement that "Damages cannot be awarded because the unguarded areaway was not the proximate cause of her *fall.*" Id. at 158, 16 A. 2d at 381. (Emphasis supplied.) As a pure statement of law I believe this to be clearly wrong, and would suggest that this aspect of *Zlates* be overruled. However, the opinion also contains language indicating that the fall itself was harmful. Thus, plaintiff would have been somewhat injured even without defendant's negligence. Furthermore, the Court states, as an alternative holding, that plaintiff was contributorily negligent.

an unlighted ditch. But see *Quinn v. Philadelphia,* 224 Pa. 176, 73 Atl. 318 (1909).

In *Quinn,* a case cited by the majority, plaintiff tripped over a cellar door hinge, obstructing the sidewalk through no fault of defendant, and fell into defendant's negligently unguarded adjacent cellar. In sustaining a compulsory nonsuit, the Court concluded that defendant could not be liable for plaintiff's injuries because the door hinge was the "real occasion of the mischief." Other language in the opinion indicates that by "mischief", the Court meant plaintiff's original fall, rather than the injuries themselves. The fallacy in *Quinn's* reasoning, as well as in the present majority's, is the apparent assumption that any unnatural occurrence whereby plaintiff is brought into contact with defendant's negligent condition must always, as a matter of law, be itself either an injury-producing act or an act caused by plaintiff's own negligence. This is simply not so.

In fact, even if the slipping bracket in the present case, or the protruding hinge in *Quinn,* resulted from a third party's negligence, this would not automatically relieve defendant from liability unless the third party's negligence also caused plaintiff some harm sufficient to invoke the *Frisch* cumulative injury doctrine. It is axiomatic that not all negligence is actionable. Thus, to the extent that *Quinn* bars recovery as a matter of law simply because plaintiff *tripped* into the cellar rather than *walked* into it without fault, it should be overruled.

It is not our duty, nor is it the duty of the trial judge, to speculate on the possibility that plaintiff could or could not prove that a three foot fall would have caused none of these injuries. Hard as this burden of proof may be, a demurrer must never be sustained unless, as a matter of law, plaintiff has failed to *state* a cause of action. Whether he eventually

*proves* this cause of action can only be determined after his evidence is presented. In the instant case, plaintiff's complaint clearly alleges that he sustained his injuries "[b]ecause of the negligence of defendant." In *Lerman v. Rudolph,* 413 Pa. 555, 558, 198 A. 2d 532, 533 (1964) the writer of the present majority opinion included strong dictum that "a demurrer should not be sustained where there is a *possible* theory under which the complaint might be self-sustaining . . . ." (Emphasis in original.) The possible theory in the present case is as old as tort law itself: defendant negligently left an uncovered sixteen foot hole in the ground into which plaintiff fell through no fault of his own. This hole proximately caused plaintiff's injuries.

I believe that defendant's preliminary objections should not have been sustained, and I therefore dissent.

Mr. Justice MUSMANNO joins this dissenting opinion.