Ruth N. HARDY, Administratrix of the
Estate of Robert J. Hardy, Jr.,
Deceased

v.

VOLKSWAGEN OF AMERICA, a
corporation.

Civ. A. No. 70–64.

United States District Court,
W. D. Pennsylvania.

Jan. 3, 1975.

Dennis C. Harrington, Pittsburgh, Pa.,
for plaintiff.

Carl A. Eck, Pittsburgh, Pa., for defendant.

OPINION

SCALERA, District Judge.

I

In this, a wrongful death action based on diversity jurisdiction, defendant Volkswagen of America has renewed its motion for summary judgment and/or judgment on the pleadings.

On January 16, 1969, plaintiff's decedent, Robert J. Hardy, Jr., while driving his 1962 Volkswagen sedan on U.S. Route 40 in Elmgrove, West Virginia, collided with a concrete bridge abutment that was situated just off the side of the road. Decedent suffered serious head and neck injuries as a result of the collision and died the same day.

Plaintiff Ruth N. Hardy, Administratrix of the estate of Robert J. Hardy, Jr., and a resident of Allegheny County, brought this action against defendant, the manufacturer of the 1962 Volkswagen sedan. Relying on the "second accident" theory of liability, plaintiff alleged that a design defect in the Volkswagen sedan caused decedent's injuries to be more serious than they would have been had the defect not existed. Plaintiff claimed defendant is responsible for the exacerbation of decedent's injuries because of defendant's negligent design of the car, its negligent failure to warn of the car's inherently dangerous condition, and its breach of express and implied warranties of the merchantability of the vehicle for its intended use. Plaintiff does not claim that defendant was in any way responsible for the occurrence of the accident.

In an additional pretrial stipulation, plaintiff stated she was going to rely solely on the negligent design theory (that defendant failed to use due care in designing the Volkswagen sedan).

On February 5, 1971, defendant first moved for summary judgment and/or judgment on the pleadings. Defendant gave three reasons why its motion should be granted: (1) under Pennsylvania law,[1] a plaintiff cannot succeed against a manufacturer on a second-accident theory; (2) under Pennsylvania law, a defendant cannot be liable for any injuries unless its negligence caused or was the proximate cause of the event that caused those injuries; and (3) a plaintiff cannot bring a suit based on strict liability or breach of warranty under the Pennsylvania Wrongful Death Statute.[2]

On March 31, 1971, defendant's motion for summary judgment and/or judgment on the pleadings was denied by District Judge (now Circuit Judge) Weis. The court focused on whether, under Pennsylvania law, a plaintiff could recover on a second-accident theory of liability. After noting that there were no definitive Pennsylvania cases on point, Judge Weis said he was inclined to agree with Dyson v. General Motors Corp., 298 F.Supp. 1064 (E.D.Pa.1969), and its prediction that the Pennsylvania courts would not preclude recovery by a plaintiff on a second-accident theory. Recognizing, however, that the relevant area of the law was in flux, Judge Weis granted defendant the opportunity to renew its motion if any significant decisions were handed down by either the United States Court of Appeals for the Third Circuit or the Appellate Courts of Pennsylvania.

Defendant has renewed its motion for summary judgment.[3] In supplemental

---

1. The parties apparently are in agreement that Pennsylvania law governs. The parties stipulated that decedent was a resident of Pennsylvania; that plaintiff is now a resident of Pennsylvania; and that the accident occurred in West Virginia.

2. Acts of April 15, 1851, P.L. 669, § 19, 12 P.S. § 1601.

3. Since, during consideration of defendant's motion, this court has examined the record outside the pleadings (including depositions and pretrial stipulations), the motion will be considered as one for summary judgment. Fed.R.Civ.P. 12(c).

briefs filed with this court, defendant has discussed the current status of Pennsylvania law on second-accident recovery. This is the issue Judge Weis kept open for reconsideration.

Defendant also addressed the proximate cause issue. We want to be certain that defendant has the opportunity to be heard on all its theories. Therefore, we will also consider this issue.

In its supplemental briefs, defendant did not discuss the applicability of the Wrongful Death Act of Pennsylvania to the present controversy. Defendant had raised this issue in its original motion for summary judgment and/or judgment on the pleadings. Since plaintiff no longer relies on the strict liability and breach of warranty theories, defendant's objections to them are moot.

## II

Our first concern is determining whether summary judgment is appropriate.

In ruling on a motion for summary judgment, all inferences must be drawn against the movant and in favor of the party opposing the motion. Moore's, Federal Practice, § 56.15[3]. Summary judgment is usually not appropriate in negligence cases. Dalesio v. Allen-Bradley Company, 64 F.R.D. 554 (filed October 16, 1974); Croley v. Matson Navigation Company, 434 F.2d 73 (5th Cir. 1970); Pirocchi v. Liberty Mutual Insurance Co., 365 F.Supp. 277 (E.D.Pa. 1973). The motion cannot be granted if there is any genuine issue as to any material fact. Tomalewski v. State Farm Life Insurance Company, 494 F.2d 882 (3d Cir. 1974); Shaughnessey v. Penn Central Transportation Co., 454 F.2d 1223 (3d Cir. 1972); Dalesio v. Allen-Bradley Company, supra.

In the matter now before us, several factual issues remain in controversy. It has not been determined whether defendant failed to use due care in designing the 1962 Volkswagen sedan. Nor do we know whether defendant's negligence, if any, aggravated decedent's injuries.

We think, however, that this does not preclude us from ruling on defendant's motion. Summary judgment generally is to be granted only when there is no genuine issue as to any material fact. It may also be granted, even though there is a genuine issue as to any material fact, when "resolution of that issue favorable to the plaintiff would not control the court's decision." *Shaughnessey,* supra.

Whether defendant was negligent in designing the 1962 Volkswagen sedan and whether such negligence aggravated decedent's injuries are matters, we think, that do not affect our disposition of defendant's motion. We are not asked to determine any factual matters. We are only asked to rule whether, as a matter of law, plaintiff can or cannot recover on the theories she advances. This we are permitted to do.

## III

Jurisdiction in this action is based on diversity of citizenship. In a diversity action, a federal district court must apply the substantive law of the state where it sits. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Gorso v. Bell Equipment Corp., 476 F.2d 1216 (3d Cir. 1973); Lynne Carol Fashions, Inc. v. Cranston Print Works Co., 453 F.2d 1177 (3d Cir. 1972).

We have found no cases where the appellate courts of Pennsylvania have definitively accepted or rejected second-accident liability. Nor have the parties cited us to any such cases. Where, in a diversity action, the state court has not dealt with the specific issue presented, it is incumbent upon us to make our own determination of what the state court would probably do. Bittner v. Little, 270 F.2d 286 (3d Cir. 1959). In so doing, we may consider

such sources as law review commentary and the majority rule. Wright, Law of Federal Courts, p. 240 (2d Edition 1970).

To begin with, we note that the courts of Pennsylvania, once known for being conservative in the area of torts, have become more liberal. "In recent years we have witnessed rapid, if not revolutionary, development in judge-made tort law by Pennsylvania courts," said Circuit Judge Aldisert in Quinones v. United States, 492 F.2d 1269, 1278 (3d Cir. 1974). "It will be noted that in each of these developments the Pennsylvania court was expanding and not contracting liability of defendants and increasing recoveries for plaintiffs." [4] (492 F.2d at 1279)

We are also aware that the United States District Court for the Eastern District of Pennsylvania has considered the problem now facing us and has ruled that the Pennsylvania courts would not preclude recovery for the second accident. Dyson v. General Motors Corp., supra. Plaintiff Dyson was injured when his car veered off the road, turned upside-down, then collapsed onto its roof. Plaintiff sued the car manufacturer in negligence and in strict liability under § 402A of the Restatement of Torts 2d,[5] claiming that defects in the design of the roof of his car caused his injuries to be more serious than they would have been had the defect not existed.

In denying defendant General Motors Corporation's motion for judgment on the pleadings, Judge Fullam predicted that a Pennsylvania court "would not preclude the imposition of liability for the 'second accident', i. e., the contact between the passenger and the interior of the vehicle." (298 F.Supp. at 1072) A Pennsylvania plaintiff, Judge Fullam said, could recover for a second accident on either a negligence or a strict liability theory. Judge Fullam added that a car manufacturer was not obligated to produce a crashproof vehicle. But he did have a duty to produce a car that was a "reasonably safe version" of that model and not substantially less safe than other comparable types. (298 F. Supp. at 1093)

Dyson, supra, appears to be the only instance where a federal court has made a definitive determination as to the status of Pennsylvania law concerning second-accident liability. In another case, the Third Circuit (applying Pennsylvania law), while it did not focus on the issue of second-accident liability, found nothing wrong with the trial judge submitting to the jury a negligence case based on the second-accident theory.[6]

4. As Judge Aldisert pointed out, the Pennsylvania courts, in recent years, have expanded tort liability in a number of cases, including the following: Ayala v. Philadelphia Board of Public Education, 453 Pa. 584, 305 A.2d 877 (1973) (governmental immunity abolished); Gray v. Grunnagle, 423 Pa. 144, 223 A.2d 663 (1966) (doctrine of informed consent adopted in malpractice cases); Niederman v. Brodsky, 436 Pa. 401, 261 A.2d 84 (1970) (impact rule abolished). Since Quinones, the Pennsylvania Supreme Court has abandoned the requirement of horizontal privity in a suit against a manufacturer for breach of warranty. Salvador v. I. H. English of Philadelphia, Inc., Pa., 319 A.2d 903 (1974).

5. And on two other theories, breach of express and implied warranties of fitness, and conscious or negligent misrepresentation.

6. Plaintiff Bair sued defendant American Motors on negligence and strict liability theories, alleging that defects in the door latch of her Rambler caused the injuries she suffered in an accident involving the Rambler to be worse than they would have been had the defect not existed. The United States District Court for the Eastern District of Pennsylvania, applying Pennsylvania law, submitted the case to the jury on three questions, including whether defendant was guilty of negligent design of the door latch on the Rambler model in issue. The jury answered no to this and the other two questions, and the District Court, without an opinion, entered a verdict in favor of defendant.

Plaintiff appealed, alleging the trial court erred in refusing to admit into evidence an automobile accident injury statistical study and in disparaging the expert witness who

Bair v. American Motors Corp., 473 F.2d 740 (3d Cir. 1973).

We are also aware that the Beaver County Court of Common Pleas has agreed with the prediction of Pennsylvania law made in *Dyson,* supra, Householder v. General Motors Corp., 33 Beaver County Legal Journal 30 (1973). Plaintiff Householder sued for injuries she and her decedent suffered when their Opel collided with another auto. Plaintiff claimed the severity of the injuries she and her decedent suffered were enhanced by the Opel's faulty design. The issue was whether defendant manufacturer had a duty to reasonably design its cars to reduce the risk of enhancement of injury should one of its cars become involved in a collision. Citing both *Dyson,* supra, and Judge Weis' opinion in this case, Judge Rowley of the Beaver County Court held that a manufacturer had such a duty.

We are also mindful of the fact that New Jersey does not permit recovery for the second accident, Yetter v. Rajesky, 364 F.Supp. 105 (D.N.J. 1973), while Delaware apparently has not ruled one way or the other.

The courts across the nation are equally divided on whether a plaintiff, suing in negligence, can recover on a second-accident theory. Some have followed the course taken by the Eighth Circuit in Larsen v. General Motors Corp.[7] Others have agreed with the position espoused by the Seventh Circuit in Evans v. General Motors Corp.[8] The commentators seem to be lining up behind *Larsen.*[9]

Considering the decisions of the Eastern District in *Dyson,* supra,[10] and the Beaver Court in *Householder,* supra, the expansion of tort liability in Pennsylvania courts, the division of opinion nationally, and the opinion of the commentators, we cannot rule that, under Pennsylvania law, plaintiff could not succeed on a negligence action based on a second-accident theory.

## IV

As a second ground for defendant's motion for summary judgment, it is argued that under Pennsylvania law a defendant is not liable for injuries sustained in an accident unless that defendant's act was the proximate cause of the accident. From our reading of the briefs, what we understand defendant to be arguing is that it cannot be liable for any aggravation of decedent's injuries unless it was a substantial factor in causing the accident initially. In response to defendant's request for admission, plaintiff has conceded that the accident was not caused by any negligence of defendant.

In support of its argument, defendant relies on Barber v. John C. Kohler Co.,

was to present the study. The Third Circuit held the exclusion of the study erroneous, reversed the judgment of the District Court, and remanded the case for a new trial.

The viability of the second-accident theory apparently was not raised before the Third Circuit. In its opinion, the court did not mention second-accident liability, and gave no indication whether it felt there was such a liability under Pennsylvania law.

7. 391 F.2d 495 (8th Cir. 1968). Other cases following the *Larsen* approach include Bolm v. Triumph Corp., 33 N.Y.2d 151, 305 N.E.2d 769 (1973); Mieher v. Brown, 3 Ill.App.3d 802, 278 N.E.2d 869 (1972); and Mickle v. Blackmon, 252 S.C. 202, 166 S.E.2d 173 (1969).

8. 359 F.2d 822 (7th Cir. 1966), cert. denied 385 U.S. 836, 87 S.Ct. 83, 17 L.Ed.2d 70 (1967). In accord are McClung v. Ford Motor Co., 333 F.Supp. 17 (S.D.W.Va.1971); Burkhard v. Short, 28 Ohio App.2d 141, 275 N.W.2d 632 (1971); and Walton v. Chrysler Motor Corp., 229 So.2d 568 (Miss.1969).

9. E. g., 71 Michigan Law Review 1659 (1973); 118 University of Pennsylvania Law Review, 299 (1969).

10. In a situation where a federal court is to apply the law of a state, and there are no state court rulings on point, consideration should first be given to the federal court decisions dealing with the pertinent question. Freestone v. Prudential Insurance Company of America, 139 F.Supp. 665 (N.D.Iowa 1956).

428 Pa. 219, 237 A.2d 224 (1968). Plaintiff Barber suffered injuries when he slipped and fell off, of a scaffold three feet above the ground into a sixteen-foot hole. He sued defendant company, alleging that its negligent failure to cover the hole caused his injuries to be more severe than they would have been had the hole been covered. Plaintiff Barber did not allege that defendant company's negligence caused the fall itself.

The trial court dismissed the action. The Pennsylvania Supreme Court affirmed. The Supreme Court stated it had repeatedly held that a lessening of injury, absent defendant's negligence, is conjecture, and that it would not permit a plaintiff to recover where defendant was not responsible for the cause of the fall. Whether the fall was caused by plaintiff's negligence or that of a third party was immaterial. In so deciding, the Supreme Court relied heavily on Zlates v. Nasim, 340 Pa. 157, 16 A.2d 381 (1940), where it was held that a plaintiff could not recover for aggravation of injuries caused by a fall.[11] Defendant has cited Zlates in its brief.

We do not consider Pennsylvania law on this issue to be as clear as defendant claims. The Pennsylvania Supreme Court, for instance, has held that a defendant who failed to maintain a fire hydrant in proper condition is liable to a homeowner whose house burned to the ground because there was no water to fight the fire, even though the defendant had nothing to do with starting the fire. The court said that "[o]ne who negligently creates a dangerous condition cannot escape liability for the natural and probable consequences thereof, although the innocent act of a third party may have contributed to the final result." Doyle v. South Pittsburgh Water Company, 414 Pa. 199, 199 A.2d 875, 877 (1964). In 1968, the same year Barber supra, was decided, the Pennsylvania Supreme Court decided Bleman v. Gold, 431 Pa. 348, 246 A.2d 376 (1968). Plaintiff Bleman's buildings were first weakened by an explosion at defendant Gold's adjoining apartment, and then levelled as a result of nearby excavation. Plaintiff argued that because of defendant Gold's negligence in permitting the explosion to occur, the damages to its building caused by the excavation were greater than they would have been otherwise. The Supreme Court reversed the trial court's dismissal of the action, repeating that one who creates a dangerous condition is liable for the results thereof, even though his negligence was not responsible for beginning the damage-producing chain of events.

This court is of the opinion that the Doyle and Bleman cases are closer to the present situation. The Barber and Zlates cases are distinguishable because they apply only to the case where a plaintiff suffers increased injuries from a fall defendant did not cause. So said Circuit Judge Hastie when he wrote, in a concurring opinion in Colosimo v. May Department Store Company, 466 F.2d 1234 (3d Cir. 1972), that the two cases stand for the proposition that "where a plaintiff's own fault causes an accidental fall and injury, recovery is precluded, even though fault of the defendant causes the impact to be more severe and the injury greater than otherwise might have occurred." (466 F.2d at 1237)[12]

In neither Barber nor Zlates did the defendant, in the estimation of the

---

11. In a dissenting opinion in Barber, Justice Roberts (joined by Justice Musmanno) said he disagreed with that part of Zlates that held a defendant is not liable for aggravation of injuries brought on by a fall where defendant was not the proximate cause of the fall, and urged that that part of the holding be overruled.

12. We note that Judge Hastie's reading seems to conflict with that part of the Supreme Court's holding, referred to earlier in the opinion, where the court said its holding applied whether the fall in question was caused by plaintiff's negligence or that of a third party.

Pennsylvania Supreme Court, create the "dangerous condition" that was present in both *Doyle* and *Bleman*.[13] This is a second distinction. While the Supreme Court did not elaborate on what constitutes a dangerous condition, we feel that the action now before us, where plaintiff alleges that defendant is responsible for design defects that led to the death of decedent, involved sufficient danger to fall within the ambit of the *Doyle* and *Bleman* holdings.

In *Dyson*, the Eastern District noted the conflict between the *Barber-Zlates* and the *Doyle-Bleman* lines of cases, but felt it did not at that time have to be resolved.[14] The Common Pleas Court of Beaver County did not find the causation issue to be a hurdle in imposing second-accident liability. *Householder*, supra.

Neither does this court. Defendant's motion for summary judgment will be denied.

An appropriate order will be entered.

---

13. In neither *Barber* nor *Zlates* did the Supreme Court treat the condition that led to the respective accidents as a "dangerous condition."

14. The Eastern District also pointed out that, in *Bleman* (which was decided after *Barber*), the Pennsylvania Supreme Court said the question of proximate causation "is almost always one of fact for the jury." (246 A.2d at 380)