HONEYWELL, INC.

v.

AMERICAN STANDARDS TESTING
BUREAU, INC., Appellant,

v.

AETNA LIFE & CASUALTY
COMPANY.

No. 88–1008.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
June 13, 1988.

Decided June 29, 1988.

Rehearing and Rehearing In Banc
Denied July 25, 1988.

Richard W. Palmer, Stephen M. Calder, Daniel J. Maher, Palmer Biezup & Henderson, Philadelphia, Pa., for appellant.

Thomas A. Allen, Mark S. Gurevitz, White and Williams, Philadelphia, Pa., for appellee Honeywell, Inc.

Frederic L. Goldfein, Roseann Lynn Brenner, Goldfein & Joseph, Philadelphia, Pa., for appellee Aetna Life and Cas. Co.

Before MANSMANN, SCIRICA, and COWEN, Circuit Judges.

## OPINION OF THE COURT

MANSMANN, Circuit Judge.

In this negligence action against American Standards Testing Bureau Inc. brought in federal court on diversity grounds, Honeywell, Inc. alleged that it suffered a loss by way of the state court judgment against it when American Standards failed to supply an expert witness to assist Honeywell in its defense of a personal injury action.

After a federal court jury found in favor of Honeywell, American Standards filed this appeal contending, *inter alia*, that the district court erred in not requiring the plaintiff to "re-create" or re-try the state court action before the federal jury instead of permitting the plaintiff to utilize expert testimony on causation to meet its burden of proof. American Standards also argued that the district court erred in failing to instruct the jury that the former defense counsel's failure to cite *Barber v. Kohler*, 428 Pa. 219, 237 A.2d 224 (1968), could be contributory negligence which should be imputed to Honeywell.

We find that Honeywell was not required to prove legal causation through a reenactment of the state-court action, with the addition of the omitted expert testimony, before the federal jury. Expert opinion testimony was sufficient proof of causation. We also find that the district court's refusal to charge on *Barber* was, at best, harmless error. Under the applicable Pennsylvania law, contributory negligence is no defense to the jury's ultimate finding of wanton misconduct.

We further conclude that the district court's refusal to instruct the jury that it might find deficiencies in counsel's representation of Honeywell to be a superseding cause of Honeywell's loss in state court was not error. Any such deficiencies could be contributing causes at most and would not supersede American Standards' failure to provide an expert witness.

We also find that if the province of the federal jury was invaded by the admission of expert opinion testimony as to what the state jury would have decided if presented with the omitted evidence, any error in this regard was harmless. The jury had before it all of the evidence upon which the expert based his opinion and, therefore, the jury could fully evaluate the expert's conclusions.

Finally, we find that the evidence supports the jury's finding that the third-party defendant, Aetna Life & Casualty Co., did not contract to indemnify American Standards against its own negligence in providing services on behalf of Honeywell.

We will affirm the judgment of the district court.

### I.

In May of 1978, John Ball, an employee of Bell Telephone Co. of Pennsylvania, was installing telephone lines on Honeywell's

premises when the ladder upon which he was standing fell against a partition. A glass panel in the partition broke, injuring Ball's left hand.

Ball sued Honeywell in state court, claiming that his injury was caused by Honeywell's negligent use of plate glass in the office partitions, rather than safety glass or plastic panels, and by Honeywell's negligent failure to replace a metal cap evidently missing from the top edge of the glass portion of the partition against which the ladder had fallen.

Honeywell's insurer, Aetna Life & Casualty Co., assigned Joseph C. DeMaria, Esq., a salaried member of Aetna's legal staff, to defend Honeywell in the *Ball* action. Mr. DeMaria arranged for American Standards to assign an expert witness for Honeywell's defense to provide an opinion as to whether the use of plate glass in the partition violated fundamental principles of safety engineering practices.

American Standards provided DeMaria with a report bearing the name of C.F. Peck, the expert witness whom American Standards made available for trial. At the time of trial, however, counsel for Honeywell learned that Dr. Peck had not participated in the preparation of the report and could not testify to it as his own opinion. Counsel for Ball presented expert testimony that the use of plate glass was unreasonably dangerous and stressed in closing that Honeywell had been unable to produce expert testimony to the contrary. The jury returned a verdict in favor of the plaintiff and against Honeywell.

Honeywell then sued American Standards Testing Bureau in federal court, seeking compensatory and punitive damages for American Standards' failure to provide an expert witness for Honeywell's defense in the state-court personal injury action brought by John Ball. Honeywell alleged that American Standards' breach of its duty to provide an expert witness caused Honeywell's loss of the Ball case. Actual damages were set at $300,000, the amount Honeywell paid to settle the case after verdict. In addition, Honeywell sought punitive damages against American Standards.

American Standards then filed a third-party complaint against Aetna alleging, *inter alia*, that Aetna had agreed to indemnify it against all liability arising out of work performed in connection with the *Ball* case, including liability arising from American Standards' own negligence.

The case was tried to a jury which returned verdicts in favor of Honeywell and Aetna and against American Standards. American Standards' motions for judgment n.o.v. or for a new trial were denied.

American Standards raises six contentions on appeal: (1) that the district court erred in ruling that citation of *Barber v. Kohler*, 428 Pa. 219, 237 A.2d 224 (1968), would not have required a directed verdict for Honeywell in the *Ball* case and in failing to instruct the jury that defense counsel's failure to cite *Barber* could be contributory negligence, which should be imputed to Honeywell; (2) that the district court erred in refusing to instruct the jury that it might find deficiencies in counsel's representation of Honeywell to be a superseding cause of Honeywell's loss in the state-court action; (3) that Honeywell was required to prove legal causation through a re-creation of the Ball trial before the jury in this case; (4) that the trial court erred in admitting expert opinion testimony regarding what a former jury would have found had it been presented with the evidence which American Standards agreed to supply; (5) that the district court erred in failing to rule that Aetna was required to indemnify American Standards against American Standards' own negligence; and (6) that American Standards' rights were substantially prejudiced by certain of the district court's comments to the jury.

The district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Our appellate jurisdiction lies pursuant to 28 U.S.C. § 1291.

We will affirm the district court's denial of a judgment n.o.v. "unless the record is 'critically deficient of that minimum quantity of evidence from which the jury might reasonably afford relief.'" *Link v. Mer-*

cedes–Benz of N. America, 788 F.2d 918, 921 (3d Cir.1986) (citation omitted).

We review the district court's ruling on a new trial motion only for abuse of discretion unless the court's denial of the motion is based on application of a legal precept, in which case our review is plenary. Id.

We examine seriatim each of American Standards' contentions in accordance with the strict standard of review governing these motions.

## II.

### A.

American Standards contends that Honeywell did not meet its burden of proof in showing that its damage was directly caused by the actions of American Standards. It argues that expert opinion testimony was insufficient proof that American Standards' failure to provide an expert witness caused Honeywell to lose the state action. American Standards asserts that Pennsylvania law mandates that Honeywell prove legal causation by re-trying the state negligence case to the federal jury, with the addition of testimony by an expert witness who did contribute to the preparation of American Standards' report.

American Standards analogizes this case to attorney malpractice cases in that the complaint asserts that the defendant's conduct caused judgment to be entered against the plaintiff in an underlying action and the measure of damages is the amount of the judgment the plaintiff would have avoided in the underlying action absent the defendant's breach of duty.

Although the parties dispute whether or not Honeywell's case against American Standards may be characterized as a "professional" negligence case, the argument is something of a "red herring." The "professional" designation would raise only the standard of care to which the defendant would be held. It would not affect the plaintiff's burden of proof as to causation

or damages. We agree that the analogy between attorney malpractice cases and this case requires that the plaintiff meet a similar burden of proof as to causation and damages. Although we agree that the professional negligence standard governs this case, we disagree with American Standards' reading of what that standard requires.

American Standards asserts that "Pennsylvania courts have consistently held that the plaintiff must prove proximate cause in a professional malpractice action by putting on a 'case within a case.' " Therefore, it argues that in all cases alleging that the defendant caused the plaintiff to lose a judgment, the plaintiff must prove that he would have won the prior lawsuit by actually trying the underlying case before the subsequent "malpractice" jury.

American Standards has cited a number of Pennsylvania cases affirming that, in order to establish causation and damages in a suit for attorney negligence in handling a lawsuit, a plaintiff must establish by a preponderance of the evidence that he would have been successful in the prosecution or defense of the underlying action but for the attorney's negligence.[1]

American Standards has not cited any Pennsylvania precedent, nor has our research revealed any, which mandates actual re-creation of a prior trial to prove proximate cause in a malpractice case. The cases cited by American Standards hold generally that a malpractice plaintiff may not sue in assumpsit for nominal damages. Actual damages will be measured by the amount of the lost judgment. The plaintiff must offer evidence that would support a finding by the jury that but for the negligence complained of, the plaintiff would have been successful in the prosecution or defense of a former action. Only two of these cases give any indication of what such evidence might be; none, what it must be.[2]

1. For example, Duke & Co. v. Anderson, 275 Pa.Super. 65, 418 A.2d 613 (1980); Trice v. Mozenter, 356 Pa.Super. 510, 515 A.2d 10 (1986); Schenkel v. Monheit, 266 Pa.Super. 396, 405 A.2d 493 (1979); Duncan v. Lord, 409 F.Supp. 687 (E.D.Pa.1976).

2. Duke & Co. v. Anderson, 275 Pa.Super. 65, 418 A.2d 613 (1980) (underlying defamation claim

No one disputes that Honeywell lost in state court and suffered damage in the entry of the judgment against it and the amount it paid in settlement. Only the fact of causation is contested, not the fact of damages. The narrow question facing us, therefore, is whether the record reveals competent evidence from which a jury might infer that American Standards' failure to provide a defense witness contributed substantially to Honeywell's loss in state court. We turn to the evidence before the district court.

Honeywell called as its principal witness its state-court defense counsel, Joseph C. DeMaria, Esq. In response to questions by counsel, and with reference to the *Ball* transcript, portions of which were admitted into evidence, DeMaria described to the jury portions of the *Ball* trial. His testimony was readily verifiable by opposing counsel through reference to the transcript.

The jury heard testimony as to the circumstances of Mr. Ball's accident, that he was injured by the glass which broke when he fell against the partition, that Ball's expert witness had testified that Honeywell's failure to equip the partition with safety glass had created an unreasonably dangerous working environment, and that this expert testimony was emphasized by counsel for Ball in his closing argument. The report prepared by American Standards was also in evidence. It stated, for example, that the glass in the offending partition was stronger than the glass normally used throughout the country in door installations, exterior glazing, and at higher elevations, and was "otherwise common to all such partition products installed in office buildings, laboratories, hospitals, schools and a variety of other buildings around the country."

Whether Honeywell had created an unreasonably dangerous condition was a material issue in the state trial. The district court jury could reasonably have concluded from this evidence that had an expert been available to testify on behalf of Honeywell and in conformity with the contents of American Standards' report, the former jury would have decided in favor of Honeywell.

### B.

Honeywell also presented in the district court, Perry S. Bechtle, Esquire, an experienced trial attorney who testified, inter alia, that in his opinion Honeywell's defense of the *Ball* case would have been successful had it been able to present expert opinion testimony based on the conclusions in the American Standards report.

American Standards objects on appeal to the expert's expression of opinion as to what the former jury would have decided if presented with the additional evidence. It argues that the jurors themselves were qualified to speculate as to the probable effect of the additional evidence.

We review the trial court's rulings on the admission of evidence only for abuse of discretion. *In re Japanese Electronic Products*, 723 F.2d 238, 260 (3d Cir.1983), *rev'd on other grounds*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Under Rule 702 of the Federal Rules of Evidence, admission of expert testimony is rarely overturned on appeal on the ground that it is within the common knowledge of jurors.[3] Trial courts have broad discretion to admit evidence over the objection that it invades the province of the jury, and the Rule 702 standard usually favors admissibility. *United States v. Downing*, 753 F.2d 1224 (3d Cir.1985). To the extent that American Standards' argument may be interpreted to assert a viola-

---

apparently was tried to a jury, but nothing in the opinion suggests that this method of proof was *required*); *Duncan v. Lord*, 409 F.Supp. 687 (E.D.Pa.1976) (judgment of attorney liability by default and assessment of damages through expert testimony).

**3.** Fed.R.Evid. 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill experience, training, or education, may testify thereto in the form of an opinion or otherwise.

tion of Fed. R. Evid. 403,[4] we find no possibility of undue prejudice. The expert's conclusions were readily verifiable by the jury, which was presented with all of the evidence upon which the expert's opinion was based. Any error in admitting this testimony was harmless.

### III.

We turn to American Standards' assertion that the district court erred in not submitting to the jury the question of whether Honeywell's defense counsel's negligence was a contributing factor in causing the state-court verdict against Honeywell.

American Standards contends that had defense counsel cited *Barber v. Kohler*, 428 Pa. 219, 237 A.2d 224 (1968), the case against Honeywell would have been dismissed on the ground that its negligence, if any, was not the legal cause of Ball's injury. American Standards argues that the attorney's failure to cite the case was negligent and was a substantial factor in bringing about the adverse verdict, and that the contributory negligence of the attorney should be imputed to Honeywell.

Under Pennsylvania's Comparative Negligence Act, negligence by a plaintiff which contributes to his injury may reduce or bar his recovery against a negligent defendant. 42 Pa. C.S.A. § 7102(a) (1978).[5] Therefore, American Standards urges that it was entitled to a judgment n.o.v. or to a new trial on Honeywell's claim against it and on its third-party claim against Aetna.

The district court refused to instruct the jury on the issue of imputed contributory negligence because the judge determined as a matter of law that *Barber v. Kohler*

was of questionable precedential value and was distinguishable from the *Ball* case.

■ We need not review that legal determination. If there was any error in the district judge's failure to charge the jury on contributory negligence, the error was harmless.

Errors are harmless, and may not be grounds for disturbing a judgment or order of the court, if it is highly probable that a party's substantial rights were not affected. Fed. R.Civ.P. 61; *McQueeney v. Wilmington Trust*, 779 F.2d 916, 923–28 (3d Cir.1985).

We note at the outset that imputed contributory negligence is a fiction of law enjoying little favor with the courts and having been largely discredited. Restatement (Second) Torts § 485 comments a & b (1965); 65 A. C.J.S. Negligence § 157 (1955). We doubt that, where the client is not alleged to have exercised any actual control over the conduct of the litigation, Pennsylvania courts would impute to a client, as a defense to one who has injured the client, an attorney's failure to exercise reasonable care in conducting litigation on the client's behalf.

■ Furthermore, under the remaining vestiges of the doctrine, a servant's negligence bars his master from recovery against a negligent third party only to the extent that the master would be barred if the negligence were his own. Restatement (Second) Torts § 486, comment a (1965).

In the leading case of *Kasanovich v. George*, 348 Pa. 199, 34 A.2d 523 (1943), the Supreme Court of Pennsylvania adopted the doctrine now set forth in Restatement (Second) of Torts, §§ 500, 501(1), that a

---

**4.** Fed.R.Evid. 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

**5.** 42 Pa. C.S.A. § 7102(a) provides:

§ 7102. Comparative negligence
   (a) General rule.—In all actions brought to recover damages for negligence resulting in

death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

plaintiff's contributory negligence is not a bar to his recovery if the defendant is guilty of wanton misconduct. Honeywell argues that because the jury found that American Standards acted with reckless indifference to the risk to Honeywell, it therefore is barred by its own wanton misconduct from relying on the defense of contributory negligence.

The Pennsylvania Comparative Negligence Act is silent on the doctrine of wanton misconduct. The cases discussing the doctrine after the passage of the Act have not treated the doctrine as having been subsumed or altered by the Act. *See Rosa v. United States*, 613 F.Supp. 469 (M.D.Pa. 1985); *Vargus v. Pitman Mfg. Co.*, 510 F.Supp. 116, 120 (E.D.Pa.1981), *aff'd*, 673 F.2d 1304 (3d Cir.1981), *reh'g denied*, 675 F.2d 73 (3d Cir.1982); *Stubbs v. Frazer*, 32 D. & C. 3d 495 (1981).

Under the Act, a plaintiff's contributory negligence is a complete defense only when it exceeds the degree of the defendant's negligence. Under the common law, contributory negligence, however slight, was a total bar. *Kasanovich v. George*, 348 Pa. at 202, 34 A.2d at 525. The purpose of the Act plainly is to give negligent plaintiffs greater opportunity for recovery. We discern no intention to diminish a negligent plaintiff's opportunity of total recovery against a defendant who engages in wanton misconduct. In *Evans v. Philadelphia Transportation Co.*, 418 Pa. 567, 574, 212 A.2d 440, 443 (1965), the Supreme Court of Pennsylvania in distinguishing between "willful" misconduct and "wanton" misconduct, quoted with approval the following definition of wanton misconduct:

> Wanton misconduct ... means that the actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. It usually is accompanied by a conscious indifference to the consequences....

Prosser, Torts § 33 at 151 (2d ed. 1955).

Responding to special interrogatories, the jury found that defendant American Standards was "grossly negligent" in performing its expert services for Honeywell. The jury had been instructed by the trial court that it could find American Standards grossly negligent only if it found that American Standards had falsely represented that Dr. Peck was qualified to testify and had participated in the formulation of the opinions expressed in the report, and that "they were in such careless indifference of the truth that it was malicious."

By finding that American Standards was grossly negligent in accordance with the court's instruction, the jury found that American Standards' conduct was "wanton" as the term has been defined by the Pennsylvania Supreme Court. Furthermore, the jury awarded punitive damages against American Standards, having been instructed that it could do so only if it found that "the defendant acted with malice, willfulness, callous, or reckless indifference to the rights of the plaintiff."

Therefore, even if Honeywell's attorney was negligent, and even if that negligence might be imputed to Honeywell—questions of Pennsylvania law which we need not decide—the rule in *Kasanovich v. George* prevents American Standards from relying on a contributory negligence defense to its own wanton misconduct. Consequently, if there was any error in the district judge's failure to charge the jury on contributory negligence, the error was harmless.

## IV.

American Standards also argues that the jury should have been given the opportunity to find that the various asserted errors by defense counsel constitute a "supervening" cause of Honeywell's loss in state court.

We interpret this contention to mean that defense counsel's errors were an intervening force which operated as a superseding cause of the judgment against Honeywell. An intervening force is one which is operative in producing harm after another's negligence has placed the victim in peril. Restatement (Second) Torts § 441. An intervening force may be a superseding cause, that is, it may relieve the original negligent

ctor of responsibility for the victim's injuries. *See id.* at § 442.

■ An intervening force is not a superseding cause where the original negligent act or omission creates or increases the foreseeable risk of harm through the intervention of another force. Restatement (Second) Torts, § 442 A (1965). The failure of American Standards to provide Honeywell with an expert witness for its defense was a force continuing throughout the trial which substantially increased the foreseeable risk of an adverse verdict regardless of the degree of skill exhibited by Honeywell's attorney. Any defect in counsel's representation of Honeywell was at most a concurrent contributing cause of the unfavorable state-court verdict. It was not a superseding cause of harm. *See* Restatement (Second) Torts, §§ 440–442 (1965). American Standards' conduct need not have been the *only* cause of the verdict in order for the jury to find causation. That it was a substantial contributing factor is sufficient. *Whitner v. Von Hintz,* 437 Pa. 448, 456–58, 263 A.2d 889, 893–94 (1970).

## V.

Next we address the contention that Aetna agreed to indemnify American Standards against any liability arising from the services rendered on behalf of Honeywell, and that the district court interpreted incorrectly the indemnification clause.

American Standards argues that Attorney DeMaria acted as Aetna's agent in employing American Standards to render services on behalf of Honeywell, and that therefore Aetna was a party to the contract. American Standards asserts that an indemnification clause, which was contained in the "Terms and Conditions" form attached to a letter of February 26, 1982 from American Standards to Aetna, became part of the contract. The letter was sent by American Standards to DeMaria's attention at Aetna's offices, acknowledging DeMaria's request and stating that "services are extended to your firm on the basis of the conditions printed overleaf."

Aetna argued in district court, however, that the clause was not part of any enforceable agreement between Aetna and American Standards. Question 7 of the special interrogatories to the jury read as follows:

> Did defendant ASTB [American Standards] prove by a preponderance of the evidence that third-party defendant Aetna contracted to hold defendant ASTB harmless for negligence for the rendering of its services in the case of *Ball v. Honeywell* ?

With respect to that interrogatory, the trial judge instructed the jury:

> "If you find from all the circumstances that the parties intended to—that they agreed that the written form was their agreement, then you should answer 'Yes.'"

The jury answered "No."

If there was evidence from which the jury could have found that the indemnity clause was not a term of any agreement between American Standards and Aetna, then interpretation of the clause was unnecessary.

■ Under Pennsylvania law, a reply which suggests changes or additions to the terms of an offer may be either an acceptance or a counteroffer, and the question is for the jury to decide. *DeMoss v. Beryllium Corp.,* 358 Pa. 470, 58 A.2d 70, 72 (1948). The common law rule is that "a reply to an offer which purports to accept but is conditional on the offeror's assent to terms additional to or different from those offered is not an acceptance but is a counter-offer." Restatement (Second) Contracts § 59 (1981); *Hedden v. Lupinsky,* 405 Pa. 609, 176 A.2d 406 (1962).

■ The record, viewed in the light most favorable to Aetna, contains no evidence that an offer to indemnify was a part of DeMaria's request for American Standards' services, nor is there any evidence that American Standards' condition of indemnification was accepted by DeMaria or by Aetna. Therefore, the evidence supports the jury's finding that no contract containing an indemnification term existed between Aetna and American Standards.

## VI.

We have examined the remaining challenge to comments of the district judge to the jury. We find American Standards' contentions regarding the likelihood of substantial prejudice from these comments to be without merit.

## VII.

In accordance with the foregoing, we will affirm the judgment of the district court.