

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2002

# Easter v. Grassi

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1014

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Easter v. Grassi" (2002). *2002 Decisions*. Paper 684.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/684

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1014

ETHEL EASTER;
DEANA KROWICKI

v.

DAVID A. GRASSI, OFFICER;
HAROLD GREGORY STRICKLAND, OFFICER;
JOSEPH P. EMERICK, OFFICER;
FETTERMAN, OFFICER;
DONNA KUHN;
GENEVIEXVE PUTNAM;
THE CITY OF ERIE;
TAMMIE DOE;
CHARLES E. BOWERS, JR.,
OFFICER;
GARY PAPARELLI,
d/b/a FELIX'S NIGHT CLUB;
CATHLEEN PAPARELLI,
d/b/a FELIX'S NIGHT CLUB;
PAUL DEDIONISIO, Police Chief,
in his official capacity;
JOYCE SAVOCCHIO, MAYOR, in her
official capacity

Ethel Easter,  Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 98-cv-00226E)
District Judge: Hon. Sean J. McLaughlin

OPINION

COWEN, <u>Circuit Judge</u>

Ethel Easter appeals from the judgment of the District Court entered on December 19, 2001. We will affirm.

I.

Easter filed this Title VII civil rights action against the City of Erie ("City") and numerous City employees. The resolution of motions for summary judgment and the completion of other pre-trial proceedings resulted in the dismissal of all parties other than Easter and the City. The case went to trial before the District Court on three Title VII claims: (1) disparate treatment in overtime pay; (2) hostile work environment racial harassment; and (3) hostile work environment sexual harassment.

The jury returned a verdict in favor of the City. The jury addressed Easter's claims in a series of special interrogatories. With respect to the overtime claim, the jury found that Easter established by a preponderance of the evidence that she was qualified to perform overtime. It further found, however, that she failed to prove "by a preponderance of the evidence that she was not offered overtime." Supp. App. at 140. The jury similarly found

that Easter did not prove by a preponderance of the evidence "that she was subjected to intentional discrimination because of her sex by conduct of fellow employees." *Id.* at 150-51. Easter filed a motion for a judgment n.o.v. or for a new trial. The District Court denied this motion by an order dated December 19, 2001, and Easter timely appealed.

II.

Easter initially asserts that the District Court erred in disregarding the arbitrator's liability determination with respect to her claim for backpay. Easter moved for summary judgment as to her backpay claim, but the District Court denied this motion as premature because "there has been no adjudication of liability." App. at 6. An arbitrator resolved two grievances under the collective bargaining agreement regarding the transfer of Easter, pending the resolution of felony charges against her, from her position with the City's police as a "CSO," responsible for various communications duties, to a document reproduction job in another City office. The arbitrator, although finding that the transfer did not violate the collective bargaining agreement, ordered that Easter be granted the opportunity to return to the CSO position and awarded some of the backpay sought by the union on her behalf.

As both parties recognize, a court, in addressing a Title VII claim, may admit an arbitral decision as evidence and accord it such weight "as the court deems appropriate." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 60 (1974). However, the grievances and the arbitral award at issue here only implicated the correct interpretation and application of certain terms of the collective bargaining agreement. The issue of discrimination, either

3

under a provision of the agreement or Title VII, apparently was never addressed during this arbitration process. The District Court therefore did not err in refusing to be bound by the arbitral decision.

According to Easter, the District Court erroneously rejected her claim arising out of the allegedly discriminatory denial of her bid to be transferred to a traffic court position. She apparently argues that the District Court adopted an unduly narrow understanding of an adverse employment action in finding that this denial did not constitute adverse employment action. We have held that an adverse employment action need not involve direct economic harm and that conduct "substantially decreas[ing] an employee's earning potential and caus[ing] significant disruption in his or her working conditions" may constitute such an adverse action. *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 153 (3d Cir. 1999) (citation omitted). Easter, however, advances no argument in her brief for why the alleged bid denial either substantially decreased her earning potential or resulted in significant disruption. She, however, did admit to the District Court that the transfer would not have resulted in a pay increase. We therefore conclude that the District Court did not err in rejecting this bid denial claim.

Easter further challenges the jury's verdict with respect to her overtime claim and her claim of hostile work environment sexual harassment. By moving for a judgment n.o.v., Easter essentially made a renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b). It is well established by this Circuit that a party cannot make such a post-trial motion unless the party also moved for judgment as a matter of law

4

at the close of all the evidence. *See, e.g., Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 364-65 (3d Cir. 1999); *Yohannon v. Keen Corp.*, 924 F.2d 1255, 1261 (3d Cir. 1991). A party's failure to move for judgment at the close of all the evidence results in a waiver of any right to bring a "post-trial attack on the sufficiency of the evidence."[1] *Yohannon*, 924 F.2d at 1262 (citations omitted). Because Easter never filed a motion for judgment as a matter of law at the close of all the evidence, the District Court did not err in denying her post-trial motion insofar as it sought a judgment as a matter of law.[2]

We therefore turn to the District Court's denial of Easter's post-trial motion insofar as it sought a new trial based on the weight of the evidence. We must review this denial for abuse of discretion. *See, e.g., Honeywell, Inc. v. Am. Standards Testing Bureau*, 851 F.2d 652, 655 (3d Cir. 1989). A new trial is proper where "the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the] conscience." *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991) (citation omitted).

---

[1] As Easter argues, other circuit courts have recognized certain exceptions allowing a party to challenge the factual sufficiency of a verdict even absent an initial motion at the close of all of the evidence. *See, e.g., Yohannon*, 924 F.2d at 1262 & n.7 (collecting cases). A panel of this Circuit has even criticized this rule against challenging factual sufficiency as "an aberration harking back to the strict rules of common law." *Id.* at 1262 n.10. We, however, are bound by precedent.

[2] Easter even seemed to waive any challenge to this denial because her attorney acquiesced in the District Court's statement that "'[a] post-trial motion for judgment as a matter of law cannot be made unless judgment as a matter of law was requested at the close of all the evidence'" and conceded that the focus of the argument should be on issue of a new trial. Supp. App. at 116.

According to Easter, the jury disregarded uncontradicted evidence in denying her overtime claim. The District Court instructed the jury that Easter, in order to establish her *prima facie* case of sex discrimination, must show that "she suffered an adverse employment action - in this case, she was not offered overtime." Supp. App. at 146. The jury found that Easter failed to establish by a preponderance of the evidence that she was not offered overtime, and the District Court properly exercised its discretion in concluding that this finding was not contrary to the weight of the evidence.

The testimony regarding the overtime claim was inconsistent, thereby raising at the very least a serious issue of credibility. Easter's testimony that the City failed to offer overtime on the basis of her race was challenged by both documentary evidence and the testimony of Genevieve Putnam, the Human Resources Director, as well as Deputy Chief Steven Kovacs. For instance, both Putnam and Kovacs testified about the City's efforts to offer overtime on a fair basis and the administrative problems in administering the program. Putnam further testified that Easter repeatedly refused overtime. It therefore appears that the jury, far from committing a miscarriage of justice, actually reached its verdict regarding the overtime claim by weighing and considering the contested evidence.

Easter similarly contends that the jury failed to fulfill its duty given the allegedly uncontradicted evidence of hostile work environment sexual harassment.[3] Following our

---

[3] Easter refers to her claims of both sexual and racial harassment. We consider any challenge to the jury's verdict regarding hostile work environment racial harassment as waived because Easter only addressed the overtime and hostile work environment sexual harassment claims in her written submission in support of the motion for a judgment n.o.v.

6

ruling in *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1482 (3d Cir. 1990), the District Court informed the jury that, in order to prevail on her hostile work environment sexual harassment claim, Easter must prove, *inter alia,* that "she was subjected to intentional discrimination because of her sex by the conduct of fellow employees consisting of conduct of an unwelcome sexual nature." Supp. App. at 150. The jury found that Easter failed to prove by a preponderance of the evidence that she was subjected to this intentional discrimination. The District Court properly upheld this finding.

The jury clearly had a right under the circumstances of this case to assess the credibility of witnesses and to reject even uncontradicted testimony on the grounds of credibility. *See, e.g., Rhoades, Inc. v. United Air Lines, Inc.*, 340 F.2d 481, 485-86 (3d Cir. 1965). Other witnesses challenged certain aspects of Easter's testimony regarding the alleged acts of harassment she suffered. For instance, Clark Peters denied Easter's assertion that she admonished him for discussing a pornographic movie in her presence, and Maureen Delinski provided testimony that could be considered as showing that Easter had a consensual relationship with Jack Hines, one of the individuals who allegedly harassed her. We therefore conclude that the District Court did not abuse its discretion in rejecting Easter's request for a new trial on her hostile work environment sexual harassment claim.

---

or for a new trial and the discussion at oral argument before the District Court was generally limited to these two claims.

Easter finally challenges three evidentiary rulings made by the District Court: (1) ruling that the "Maggie Kuhn Incident" was not evidence of a hostile work environment, Pl.'s Br. at 38; (2) permitting the admission of an investigative report prepared by David VanBuskirk regarding pornography displayed by William Brown; and (3) sustaining the City's objection to her attorney's questioning of Putnam concerning an alleged structural bias arising out of the fact that Putnam, a former defendant, made grievance determinations.

These contentions are without merit. The City did object on grounds of relevance when Easter began to testify about an incident involving Kuhn, a K-9 police officer. Kuhn accused Easter of incompetence in connection with this incident, but Easter was exonerated. The District Court noted that it could not see how "an exoneration . . . is evidence of hostile work environment,"App. at 55-56, and further indicated that Easter could not testify about the newspaper report of the incident, *id.* at 57. The District Court, however, did permit her "to move into other conduct by police officers," and she testified about both her exoneration and the alleged harassment that followed this incident. *Id.* at 57. The District Court's admission of the investigative report ultimately played no role in the outcome of the verdict because, as the District Court informed the jury, the report was admitted solely as evidence of the state of mind of City officials regarding their disciplinary action against Brown. Such considerations are relevant to the issue of *respondeat superior* liability under the standard for hostile work environment sexual harassment. *See, e.g., Andrews*, 895 F.2d at 1482. The jury, however, never reached this

8

question of *respondeat superior* liability because of its finding that Easter failed to establish that she suffered intentional discrimination on the basis of sex. As Easter admits, her questioning of Putnam regarding an alleged structural bias likewise was directed to this *respondeat superior* issue.[4]

III.

For the foregoing reasons, we will affirm the judgment of the District Court entered on December 19, 2001.

---

[4] Easter further contends that this alleged structural bias renders the procedures in the City's policy against sexual harassment unconstitutional. Because Easter never brought a constitutional claim in this action, the issue of constitutionality is not before us.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Robert E. Cowen
United States Circuit Judge