

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-12-2005

# Dimensional Comm Inc v. OZ Optics Ltd

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1817

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Dimensional Comm Inc v. OZ Optics Ltd" (2005). *2005 Decisions.* Paper 703.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/703

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1817

DIMENSIONAL COMMUNICATIONS, INC.

v.

OZ OPTICS, LTD.,
                              Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 01-cv-4893)
District Judge:  Honorable William G. Bassler

_____

Submitted Under Third Circuit LAR 34.1(a)
May 10, 2005

Before: SLOVITER and FISHER, <u>Circuit</u> <u>Judges</u>.
and POLLAK,[*] <u>District</u> <u>Judge</u>.

_____

OPINION OF THE COURT
_____

---

[*]Honorable Louis H. Pollak, Senior District Judge for the United States District Court of the Eastern District of Pennsylvania, sitting by designation.

POLLAK, District Judge.

This diversity case arises out of a contract dispute between Dimensional Communications, Inc., ("DCI"), and Oz Optics, Ltd. ("Oz").[1] Oz, a manufacturer of optical fiber communications equipment, had a jury verdict entered against it on a breach of contract claim brought by DCI, a corporation that designs, manufactures, and installs trade-show booths. Oz appeals from the District Court's orders (1) denying Oz's motion for leave to file a counterclaim, and (2) denying Oz's post-trial motion for judgment as a matter of law or, in the alternative, for a new trial. The District Court exercised jurisdiction over this suit under 28 U.S.C. § 1332(a)(2),[2] and this court has appellate jurisdiction under 28 U.S.C. § 1291. For the reasons which follow, we will affirm.

I.

Inasmuch as we write chiefly for the parties it is not necessary to recite the facts of this case in detail. Oz and DCI had entered into a contract according to which DCI was to design and construct a trade-show booth for Oz. After the booth was completed, DCI coordinated the transportation of the booth to four trade-shows, and performed maintenance and set-up activities at each show. DCI billed Oz separately for the

---

[1]Oz has been alternately referred to as "Oz" or "OZ" in the parties' submissions and in the District Court docket. For the sake of uniformity, we will use only "Oz" here.

[2]Oz is a Canadian corporation with its principal place of business in Ontario; DCI is a New Jersey corporation with its principal place of business in Northvale, New Jersey.

maintenance and set-up costs, and Oz refused to pay for any of these ancillary charges on the ground that it had not authorized them. While Oz had most of the electronic equipment used in its booth shipped back to its New Jersey facility, DCI retained the booth itself and some of the electronic equipment pending Oz's payment of the outstanding invoices. On October 22, 2001, DCI filed its complaint in the United States District Court for the District of New Jersey, asserting claims for breach of contract, book account, and quantum meruit. Oz's answer asserted the affirmative defense of set-off/recoupment, but it contained no counterclaims.

On November 12, 2002, Magistrate Judge Madeline Cox Arleo entered a Pretrial Scheduling Order that, *inter alia*, set December 31, 2002, as the deadline for filing motions to amend the pleadings. On May 16, 2003, Oz filed a motion to amend its answer to assert a counterclaim for conversion for the seizure of the trade-show booth and other property. After briefing and argument, Magistrate Judge Arleo denied Oz's motion, finding, pursuant to Fed. R. Civ. Proc. 16(b), that Oz had not shown good cause for its failure to comply with the Pretrial Scheduling Order. Magistrate Judge Arleo further found that Oz's actions constituted undue delay and evidenced dilatory motive, such that Oz could not meet the liberal amendment provisions of Fed. R. Civ. Proc. 15(a). Oz appealed Magistrate Judge Arleo's denial of its motion to amend, and the District Court affirmed the denial. This affirmance is the first subject of this appeal.

The case was tried before a jury in December, 2003. The jury rendered a verdict in

favor of DCI in the amount of $492,766.01. The jury also found that Oz was not entitled to any recoupment or setoff. On January 13, 2004, Oz filed a motion for judgment as a matter of law or, in the alternative, a new trial. The District Court denied that motion, finding that Oz was entitled neither to judgment as a matter of law nor to a new trial. The District Court's denial of this post-trial motion gives rise to Oz's second and third grounds of appeal.

II.

We review a district court's denial of leave to amend a pleading for abuse of discretion. *See Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). "An abuse of discretion occurs when the District Court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Montgomery County v. Microvote Corp.*, 320 F.3d 440, 445 (3d Cir. 2003) (citation and quotation marks omitted).

We exercise plenary review over a district court's denial of a Rule 50(b) motion for judgment as a matter of law. *See, e.g.*, *Delli Santi v. CNA Ins. Cos.*, 88 F.3d 192, 200 (3d Cir. 1996).

We review a district court's denial of a new trial motion for abuse of discretion. *Honeywell, Inc. v. American Standards Testing Bureau, Inc.*, 851 F.2d 652, 655 (3d Cir. 1988).

4

III.

A. Motion to Amend

Where, as here, a party seeks to amend a pleading after a responsive pleading has been served, it may do so "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). In addition, a court's "schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed. R. Civ. Proc. 16(b).

Magistrate Judge Arleo found that Oz could not satisfy Rule 16(b)'s good cause requirement because Oz was in possession of the facts underlying its proposed counterclaim well before the amendment deadline. The Magistrate Judge found further that Rule 15(a)'s liberal amendment provision did not extend to Oz because Oz's delay was undue and prejudicial, and because it evidenced a dilatory motive. The District Court agreed with the Magistrate Judge's findings, and concluded that the Magistrate Judge's denial of Oz's motion to amend did not constitute clear error.

Oz now argues that the Third Circuit has not adopted a "good cause" requirement in determining the propriety of a motion to amend a pleading after the deadline has elapsed, and that the District Court thus abused its discretion in denying the motion to

amend. We disagree. In *Eastern Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000) – a case with a similar procedural history – this court approved the district court's determination that a failure to satisfy Rule 16(b)'s "good cause" requirement was sufficient to deny a motion to amend filed six months after the deadline for amendments to pleadings. Further, we find no error in the Magistrate Judge's finding, which the District Court approved, that Oz could not satisfy even the liberal amendment provisions of Rule 15(a) because Oz's delay was undue and its requested amendment would be prejudicial to DCI. In short, there is no ground for disturbing the District Court's order.

## B. Motion for Judgment As a Matter of Law

A denial of a post-trial motion for judgment as a matter of law shall be affirmed where "there is sufficient evidence to support the verdict, drawing all reasonable inferences in favor of the verdict winner." *Blum v. Witco Chemical Corp.*, 829 F.2d 367, 372 (3d Cir. 1987).

Oz contests two elements of the verdict on the ground that there was, Oz contends, no rational basis for them. First, Oz asserts that the jury erred in finding that Oz had authorized ancillary charges, which included markups for subcontractor work, and freight, handling, refurbishing and storage charges.[3] Yet the jury could reasonably have

---

[3]As a subsidiary element of its claim that the jury erred in finding that Oz had approved the ancillary charges, Oz argues that the jury erred further in adopting DCI's calculation of the handling charges inasmuch as DCI, so Oz contends, relied upon a "myster[ious]," "undisclosed mathematical equation" to arrive at this calculation. As the District Court found, however, DCI

inferred that Oz had authorized the ancillary charges. For example, the jury heard testimony that a sub-contractor of DCI had overheard Oz's president approve the markups; that a DCI employee had explained to Oz's president that there would be handling charges; and that Oz's president had been quoted a per-show estimate of refurbishment costs. Further, as the District Court found, there was evidence of an oral agreement for storage charges. This testimony formed a legitimate basis for the jury's finding that Oz had authorized the charges. Thus, Oz's first claim of error is baseless.

Second, Oz contends that the jury erred in failing to reduce its verdict by the monies that Oz lost as a result of DCI's seizure of Oz's booth and some of the electronic equipment used in that booth. Yet having found that Oz had authorized the ancillary charges and hence was unjustified in refusing to pay for them, and having heard testimony from DCI stating that it would have returned the retained property upon receipt of payment from Oz, the jury could have reasonably concluded that Oz was not entitled to a set-off. Accordingly, Oz's claim that the jury erred in rejecting its recoupment/set-off defense is also baseless.

In sum, because sufficient evidence supported the jury's verdict, the District Court did not err in denying Oz's motion for judgment as a matter of law.

---

presented testimony describing how it arrived at the handling charges. The jury thus had a reasonable basis upon which to conclude that Oz did in fact owe DCI money in the asserted amount.

C. Motion for a New Trial

Oz argues that three grounds supported its motion for a new trial. First, Oz contends that, even though neither party requested a jury instruction on whether DCI was entitled to use self-help, the District Court should have issued *sua sponte* an instruction disapproving the use of self-help. Second, the District Court should have provided a jury verdict sheet that itemized the charges Oz would be found to have owed DCI since, without such itemization and in light of the jury's verdict that Oz owed less than DCI claimed it did, the parties cannot determine which charges the jury in fact found that Oz was obligated to pay. Finally, Oz charges that the District Court should have found, as a matter of law, that DCI breached the contract with Oz, and instructed the jury accordingly.

Oz's charge that the District Court erred in failing to instruct on the permissibility of the use of self-help is unavailing. "[A]n appellate court will not consider trial errors [involving alleged deficiencies in jury instructions] to which no objection was made." *Hoffman v. Sterling Drug, Inc.*, 485 F.2d 132, 138 (3d Cir. 1973). Before the District Court, Oz neither requested a jury instruction on the permissibility of self-help nor objected to the omission of such an instruction. We will not entertain Oz's objection to the jury instructions now.

Oz's claim that the judge ought to have furnished the jury with an itemized jury verdict form is no more meritorious. "It is well established that the trial court may

8

exercise broad discretion in determining whether to use a general verdict or the procedures described in Rule 49 of the Federal Rules of Civil Procedure." *Kazan v. Wolinski*, 721 F.2d 911, 915 (3d Cir. 1983). Further, there is no evidence in the record that Oz objected below to the jury verdict form, and its failure to do so before the District Court bars it from raising that objection before this court. Accordingly, we decline to find that the District Court erred in constructing the jury verdict form as it did.

For similar reasons, we find no merit in Oz's claim that the District Court should have found, as a matter of law, that DCI breached the contract with Oz, and instructed the jury accordingly. The District Court judge properly determined that the parties had adduced evidence sufficient to create an issue of fact on this matter. Further, Oz did not at trial raise any objections to the judge's asserted failure to instruct the jury on the alleged breach of contract, and so we will not consider these objections now.

In sum, we find that the District Court did not abuse its discretion in denying Oz's motion for a new trial.

IV.

For the foregoing reasons, we do not find merit in any of Oz's claims of error. Accordingly, the challenged orders of the District Court will be affirmed.