OPINION
FISCHER, District Judge.
Plaintiffs John and Carol Clevenger appeal the District Court’s denial of their motion for a new trial. For the following reasons, we will affirm.
I.
Because we write for the parties, who are familiar with the facts of record, we set forth only those facts pertinent to the resolution of the instant appeal.[1] After Mr. Clevenger suffered an injury exiting a Case 85XT skid steer loader manufactured by defendant CNH America, LLC, the Clevengers brought this lawsuit under a strict products liability theory, alleging that the safety interlock system on the skid steer loader was defectively designed. A jury trial was conducted over four days and a verdict was rendered in favor of CNH, with the jury indicating on a special verdict slip that the skid steer loader was not defective as designed. As a result, the jury did not reach a conclusion as to other issues in the case. The Clevengers’ subsequent motion for a new trial was denied by the District Court and this appeal followed.
II.
The Clevengers contend that the District Court committed several errors in its instructions to the jury and evidentiary rulings. “The standard of review on a motion for a new trial is ‘abuse of discretion unless the [district] court’s denial of the motion is based on application of legal precept, in which case our review is plenary.” Curley v. Klem, 499 F.3d 199, 206 (3d Cir.2007) (quoting Honeywell, Inc. v. Am. *824 Standards Testing Bureau, Inc., 851 F.2d 652, 655 (3d Cir.1988)).
III.
With respect to jury instructions, the Clevengers contend that a new trial is warranted because the District Court’s charge (1) misdefined the concept of “intended use” under Pennsylvania strict product liability law, (2) conflated “intended use” with causation, (3) improperly mentioned the concept of assumption of risk, and (4) improperly focused the jury on Mr. Clevenger’s conduct instead of CNH’s allegedly defective product. We review jury instructions for abuse of discretion, but exercise plenary review “when the question is whether a district court’s instructions misstated the law.” Felix de Asencio v. Tyson Foods, Inc., 500 F.3d 361, 366 (3d Cir.2007) (quoting United States v. Dobson, 419 F.3d 231, 236 (3d Cir.2005)), cert. denied, — U.S. -, 128 S.Ct. 2902, 171 L.Ed.2d 841 (2008). “The charge, taken as a whole and viewed in light of the evidence, must fairly and adequately submit the issues in the case to the jury.” Tigg Corp. v. Dow Corning Corp., 962 F.2d 1119, 1123 (3d Cir.1992) (quoting Link v. Mercedes-Benz of N. Am., 788 F.2d 918, 920 (3d Cir.1986)) (internal brackets omitted).
The parties agree that Pennsylvania strict products liability law governs the substantive aspects of this dispute. To bring a successful design defect claim pursuant to that law, a plaintiff must prove, inter alia, “that the product was defective ... [and] the defect was a proximate cause of the plaintiffs injuries.” Davis v. Berwind Corp., 547 Pa. 260, 690 A.2d 186, 190 (1997). A product is defectively designed when it “lack[s] any element necessary to make it safe for its intended use or possesses] any feature that renders it unsafe for the intended use.” Azzarello v. Black Bros. Co., 480 Pa. 547, 391 A.2d 1020, 1027 (1978). Consequently, “there is no strict liability in Pennsylvania relative to non-intended uses even where foreseeable by a manufacturer.” Pa. Dep’t of Gen. Servs. v. United States Mineral Prods. Co., 587 Pa. 236, 898 A.2d 590, 600 (2006).
The Clevengers assert that the District Court’s instructions to the jury misstated the applicable law because the Court yoked the concept of “intended use” to the warnings and instructions provided by CNH with the Case 85XT skid steer loader. We disagree. Pennsylvania “law presumes that warnings will be obeyed.” Davis, 690 A.2d at 190. The Clevengers were therefore required to demonstrate that the skid steer loader “would not have been safe even if the warnings were followed.” Gigus v. Giles & Ransome, Inc., 868 A.2d 459, 462 (Pa.Super.2005). The District Court properly informed the jury of this requirement.
Since the District Court correctly instructed the jury on “intended use,” the jury was fairly and adequately informed of the concept of “defective design.” Given our general presumption “that juries follow instructions given by the District Court,” United States v. Hakim, 344 F.3d 324, 326 (3d Cir.2003), and the jury’s indication on its special verdict form that the Case 85XT skid steer loader was not defective as designed, a new trial would not be necessary even if the remaining aspects of the charge misstated the applicable law. See Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 350 (3d Cir.1999) (“[w]e will not reverse a verdict on the ground that a jury instruction was erroneous if ‘it is highly probable that the error did not contribute to the judgment’ ” (quoting Murray v. United of Omaha Life Ins. Co., 145 F.3d 143, 156 (3d Cir.1998))). Nevertheless, we have reviewed the charge in its entirety and in light of the evidence presented at trial and conclude that it was neither mis *825 leading nor inadequate. See Hurley v. Atl. City Police Dep’t, 174 F.3d 95, 114-15 (3d Cir.1999) (reversal is warranted where jury instructions “are misleading or inadequate” (quoting Woodson v. Scott Paper Co., 109 F.3d 913, 929 (3d Cir.1997))).
IV.
The Clevengers also assert that the District Court committed numerous evidentia-ry errors. We review determinations on the admissibility of evidence for abuse of discretion. Moyer v. United Dominion Indus., Inc., 473 F.3d 532, 542 (3d Cir.2007).
First, the Clevengers argue that the District Court erred in admitting evidence of Mr. Clevenger’s conduct at the time of the accident. Pennsylvania strict products liability law, however, permits a defendant to introduce evidence of misuse in order to defeat causation. Id. The District Court did not abuse its discretion in allowing the jury to receive this evidence.
The Clevengers next allege that the District Court erred in prohibiting them from questioning CNH’s corporate representative regarding his knowledge of the manner in which consumers use the Case 85XT skid steer loader. This testimony was sought in order to demonstrate that CNH foresaw that its customers used its skid steer loader in the manner in which Mr. Clevenger was using it when he suffered his injury. The District Court properly prevented the Clevengers from pursuing the testimony because “foreseeability considerations have no place in [Pennsylvania strict liability design defect law].” United States Mineral Prods., 898 A.2d at 601.
The Clevengers further contend that the District Court erred when it permitted CNH to admit a video in which its expert operated a Case 85XT skid steer loader. We find that the District Court did not abuse its discretion in concluding that the probative value of this evidence was not substantially outweighed by the specter of either unfair prejudice to the Clevengers or misleading the jury. See United States v. Kemp, 500 F.3d 257, 295 (3d Cir.2007) (“a district court’s ... discretion is construed especially broadly in the context of [Fed.R.Evid.] 403” (quoting United States v. Mathis, 264 F.3d 321, 326-27 (3d Cir.2001)), cert. denied, — U.S. -, 128 S.Ct. 1329, 170 L.Ed.2d 138 (2008)).
The Clevengers also assail the District Court’s decision prohibiting them from introducing CNH’s reports of other alleged accidents involving its skid steer loaders with circumstances similar to the accident that forms the basis of this action. They argue that the District Court should have admitted these reports under Fed. R.Evid. 803(6). We have examined the reports and conclude that the District Court did not abuse its discretion in refusing to admit this hearsay evidence. See Fed.R.Evid. 803(6) (hearsay contained within business records is subject to exclusion when “the source of information or the method or circumstances of preparation indicate lack of trustworthiness”); see also John McShain, Inc. v. Cessna Aircraft Co., 563 F.2d 632, 635-36 (3d Cir.1977) (no abuse of discretion in excluding accident reports proffered to demonstrate design defect).
Finally, the Clevengers allege that the District Court erred when it permitted CNH to elicit testimony regarding industry standards and practices. Under Pennsylvania law, such evidence is inadmissible in a strict liability design defect action. Lewis v. Coffing Hoist Div., Duff-Norton Co., 515 Pa. 334, 528 A.2d 590, 594 (1987). Here, however, the Clevengers introduced testimony regarding industry standards and practices in their casein-chief. The *826 District Court did not abuse its discretion in affording CNH a rebuttal. See Byrd v. Maricopa County Sheriff's Dep’t, 565 F.3d 1205, 1213 (9th Cir.2009) (“the introduction of inadmissible evidence by one party allows an opponent, in the court’s discretion, to introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission” (quoting United States v. Whitworth, 856 F.2d 1268, 1285 (9th Cir.1988))).
V.
In sum, we conclude that the District Court did not err in its charge to the jury or evidentiary rulings. Accordingly, we will affirm the Court’s order denying the Clevengers’ motion for a new trial.

. The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291.