NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3919
_____

BRAY JIBRIL MURRAY,
                                    Appellant
v.

PAUL A. ENNIS, PROGRAM MANAGER;
MICHAEL C. BARONE, SUPERINTENDENT;
EDWARD J. WOJCIK, DEPUTY SUPERINTENDENT;
MAJOR JAMES REED;
LIEUTENANT  BENSEL;
LIEUTENANT M. L. NEVLING;
CAPTAIN  IRELAND;
LIEUTENANT W. GILL;
SARGEANT  NICHOLSON;
MAIL SUPERVISOR D. A. WOODARD;
BILL C. DOMBROWSKI, UNIT MANAGER;
CAPTAIN  REPKO

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-08-cv-00264)
District Judge:  Honorable Sean J. McLaughlin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 24, 2013
Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: May 1, 2013 )
_____

OPINION
_____

PER CURIAM

Bray Jibril Murray appeals pro se from the District Court's order denying his motion for a new trial in an action under 42 U.S.C. § 1983. We will affirm.

I.

Because we write for the parties, who are well acquainted with the case, we recount only the essential facts and procedural history. Murray, a Pennsylvania prisoner, commenced a pro se § 1983 action in the District Court, naming as defendants 23 current and former employees of the State Correctional Institution at Forest ("SCI-Forest"). After dismissing several defendants and claims, the District Court held a jury trial on Murray's First Amendment claims against 13 defendants. The jury found in Murray's favor and awarded nominal damages with respect to one retaliation claim against defendant Paul Ennis for placing Murray in administrative custody in response to Murray's filing grievances against SCI-Forest staff. On all other claims, the jury found in favor of the defendants. Murray moved for a new trial pursuant to Fed. R. Civ. P. 59, and separately filed a notice of appeal from the judgment. The District Court denied Murray's request for a new trial, and shortly thereafter we dismissed his appeal for failure to prosecute. Murray now appeals the District Court's denial of his new trial motion.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of a motion for a new trial for abuse of discretion unless the District Court's decision is based on the application of a legal precept, in which case our review is plenary. See Curley v. Klem, 499 F.3d 199, 206 (3d Cir. 2007) (citing Honeywell, Inc. v. American Standards Testing Bureau, Inc., 851 F.2d 652, 655 (3d Cir. 1988)). Under Rule 59(a), a District Court has the discretion to grant a new trial on claims of improper

2

admission of evidence or erroneous jury instructions when it finds that those errors are substantial.  See Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940).

II.

Murray primarily argues that the District Court erred with respect to evidentiary rulings during trial.  In particular, he asserts that Ennis should not have been allowed to testify regarding his knowledge of Murray's history of violent behavior at previous prisons in explaining the decision to place him in administrative custody following a disciplinary proceeding at SCI-Forest.  Murray contends that such testimony was not relevant and that its prejudicial effect outweighed its probative value.  We disagree.

The District Court explained in a pretrial ruling that evidence of Murray's prior bad acts would only be admitted for the limited purpose of rebutting his contention that the defendants' motivation in placing him in administrative custody was retaliatory. When Murray objected during Ennis's testimony, the District Court reminded defense counsel of this limitation before permitting the testimony to proceed.  In addition, the District Court provided a limiting instruction to the jury.  Under these circumstances, we discern no abuse of discretion in the District Court's refusal to grant a new trial based on its application of the relevancy test set forth in Fed. R. Evid. 404(b), or the balancing test embodied in Fed. R. Evid. 403.  See United States v. DeMuro, 677 F.3d 550, 563 (3d Cir. 2012) (citing United States v. Sampson, 980 F.2d 883, 886 (3d Cir. 1992)).

Murray also argues that the District Court erred by allowing into evidence a prison misconduct report and related documents detailing his participation in the assault of an officer at the State Correctional Institution at Fayette in 2005.  Our review of the record

3

reveals that although the admissibility of the documents Murray identifies in his appellate brief was discussed before and during trial, the documents themselves were never presented to the jury and therefore could have had no effect on the outcome. Murray further argues that the improper admission of these documents, in addition to the references to his prior bad acts in Ennis's testimony, created a "spillover" effect that prejudiced his other claims. Because Murray raises this argument for the first time on appeal, we need not consider it. See Harris v. City of Phila., 35 F.3d 840, 845 (3d Cir. Pa. 1994). Were we to consider it, we would find it meritless because we discern no error in the District Court's evidentiary rulings, and the "spillover" doctrine Murray cites relates to criminal charges. See United States v. Lee, 612 F.3d 170, 178 (3d Cir. 2010).

Finally, Murray argues that the District Court improperly instructed the jury with respect to deadlock. During deliberations, the jury advised the Court that it was having difficulty reaching a unanimous decision. In response, the Court provided the jury with this Circuit's model deadlock charge. See Model Civil Jury Instructions 3.4. Murray argues that the District Court's instruction was misleading, racially charged, and coerced the jury into finding for the defendants on most of his claims. We discern no abuse of discretion in the District Court's rejection of this argument, as our review of the record reveals that the Court did not deviate from the language of the model charge.[1]

---

[1] In his new trial motion, Murray pressed additional arguments relating to the District Court's evidentiary rulings and instructions to the jury on other matters, as well as whether the verdict was against the weight of the evidence and whether punitive damages were required. His appellate brief does not dispute the District Court's rejection of these arguments, however, and therefore we need not consider them here. See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("[a]n issue is waived

4

III.

For the foregoing reasons, the District Court's order denying Murray's motion for a new trial is affirmed.

---

unless a party raises it in its opening brief"). Were we to consider these arguments, we would not find that the District Court abused its discretion in any of the above respects.